UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JASMINE PAUL SANCHEZ, | Case No. 3:21-cv-00408-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MITCHELL SHARP, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Jasmine Paul Sanchez brought a civil rights action under 42 U.S.C. § 1983 against defendants Mitchell Sharp and David Drummond. (ECF Nos. 7, 8.) Defendants then filed a motion for summary judgment ("Motion"). (ECF No. 32). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending that the Court grant Defendants' Motion and deem Sanchez a vexatious litigant. (ECF No. 39 at 20.) To date, Sanchez has not filed an objection to the R&R. The Court adopts the R&R in part, and will grant Defendants' Motion and deem Sanchez a vexatious litigant.

**I.  BACKGROUND**

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 39 at 1-5) and the list of 33 cases Sanchez has filed in this Court (*id.* at 15-18) and does not recite it here.

**II.  MOTION FOR SUMMARY JUDGMENT**

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

Here, Judge Baldwin recommends granting Defendants' Motion. (ECF No. 39 at 7-14.) Sanchez brings several claims seeking monetary and injunctive relief: (1) a Fourteenth Amendment claim against Sharp for denial of access to grievance procedures, (2) an Eighth Amendment excessive force claim against Sharp, (3) an Eighth Amendment sexual harassment claim against Sharp, (4) a First Amendment retaliation claim against Sharp, and (5) a supervisory liability claim against Drummond. (ECF No. 8 at 3-10.) These lawsuits arose from a series of events which occurred between February and April 2021. (*Id.*)

Sanchez previously filed a similar lawsuit against Sharp in this Court based upon their interactions in February 2021 ("*Sharp I*"). (ECF No. 39 at 7-8.) *See also Sanchez v. Sharp*, No. 3:21-cv-00311-MMD-CLB, 2023 WL 5382869 (D. Nev. Aug. 22, 2023). The Court granted summary judgment in favor of Sharp in that suit. *Sharp I*, 2023 WL 5382869, at *1. To the extent that claims in *Sharp I* and the instant case involve the same parties and arise from nearly identical factual allegations, Sanchez's Fourteenth Amendment, Eighth Amendment excessive force and sexual harassment,[1] and First Amendment claims are duplicative of *Sharp I* and thus subject to dismissal. (ECF No. 39 at 7-9.)

Sanches also raised an Eighth Amendment excessive force claim because Sharp trapped Sanchez's arm in March 2021. (ECF Nos. 8 at 4-5, 39 at 10-11.) Judge Baldwin concluded that there was no dispute of material fact as to the merits of Sanchez's March 2021 excessive force claim. (ECF No. 39 at 12.) And because the undisputed facts showed that use of force was necessary, Sharp applied the minimal amount of force needed in a good-faith effort to maintain order, and there were no reported injuries

---

[1] Judge Baldwin did not explicitly address Sanchez's Eighth Amendment sexual harassment claim in her R&R; however, the Court finds it similarly duplicative and thus subject to dismissal. The two Eighth Amendment sexual harassment claims arise from the same February 2021 incidents and involve the same parties, and the Court dismissed Sanchez's claim in *Sharp I* with prejudice. (ECF No. 8 at 6-8.) *See also Sharp I*, Case No. 3:21-cv-00311-MMD-CLB, ECF No. 9 at 5.

resulting from the arm trapping, Sharp did not use excessive force against Sanchez. (*Id.* at 11-12.)

Finally, Judge Baldwin recommends dismissing the supervisory liability claim against Drummond. (*Id.* at 13.) There is no evidence of any constitutional deprivation if Sanchez's constitutional claims are dismissed, and Drummond asserted that he did not participate in any action against Sanchez or have any knowledge of a global settlement for transfer of Sanchez. (*Id.*)

The Court is satisfied that Judge Baldwin did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R's recommendations as to the Motion in full.

### III. VEXATIOUS LITIGANT

District courts have the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). To preserve litigants' right to due process, courts must cautiously approach declaring a litigant vexatious, and pre-filing orders to that effect "should rarely be filed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

The Ninth Circuit has provided guidelines for courts to apply before ordering pre-filing restrictions. *Id.* at 1147-48. First, to comply with the requirements of due process, a court must provide the litigant with notice and "an opportunity to oppose the order before it is entered." *Id.* at 1147. Second, to ensure adequate review, a court must provide "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* Third, the district court must make "substantive findings as to the frivolous or harassing nature of the litigant's action." *Id.* at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Finally, a vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

Judge Baldwin recommends that the Court deem Sanchez a vexatious litigant and enjoin him from "filing any complaint, petition, or other document in this Court

without first obtaining leave." (ECF No. 39 at 20.) Sanchez did not object to this, or any, recommendation. Here, Judge Baldwin's R&R provided Sanchez with notice and the objection process gave him an opportunity to oppose the R&R and this order.[2] Sanchez forwent this opportunity by not raising any opposition in an objection.

Judge Baldwin's citation to 33 different cases in the District of Nevada where Plaintiff is a pro se litigant (ECF No. 39 at 16-18) establishes a case list on the record that leads the Court to conclude a vexatious litigant order is needed. Of the 14 closed cases that were not resolved via a global settlement, five were dismissed for failure to state a claim—with the Ninth Circuit determining that Sanchez's appeals of three of those cases were frivolous. (*Id.*) Sanchez thus has three strikes pursuant to 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* unless he is under imminent danger of a serious physical injury. As a result, seven of Sanchez's closed cases were dismissed for failure to pay the filing fee. (*Id.*) Another suit was dismissed following an order to show cause hearing regarding Sanchez's failure to follow court orders and appear for a hearing. (*Id.*) And in three out of Sanchez's five pending cases, the presiding magistrate judge has issued an R&R recommending dismissal. (*Id.*)

Judge Baldwin also recites evidence of Sanchez's vexatiousness beyond the final dispositions of his cases. (*Id.* at 18.) "Sanchez has routinely refused to participate in, or adhere to the Court's rules and orders, in many of his lawsuits" by refusing to accept service of documents or attend hearings. (*Id.* at 18-19.) He frequently does not oppose dispositive motions, and two of his five pending cases have had no activity for at least six months, further evidencing that he is not diligently prosecuting his claims. (*Id.* at 16-19.) This pattern of behavior establishes that Sanchez's "activities [are] numerous" and "abusive." *De Long*, 912 F.2d at 1147.

Given that Sanchez has primarily sued Ely State Prison ("ESP") and its

---

[2]Sanchez's refusal to accept service of the R&R does not undermine this conclusion. (ECF No. 40.)

employees,³ requiring him to obtain leave of court before filing any suit is overly broad. (ECF No. 39 at 19-20.) *See also Moy v. United States*, 906 F.2d 467, 470-71 (9th Cir. 1990) (holding that requiring a plaintiff to obtain leave of court to file *any* suit was overly broad when the plaintiff had only been highly litigious with one group of defendants). The Court will instead require Sanchez to obtain leave of the Court only when he seeks to initiate litigation against ESP or its employees. This restriction is narrowly tailored to Sanchez's abuses. *See Molski*, 500 F.3d at 1059 (finding that requiring a plaintiff to obtain leave of court to file suits is narrowly tailored where it is confined to the types of claims the plaintiff has been vexatiously filing). For the foregoing reasons, the Court agrees with Judge Baldwin that Sanchez is a vexatious litigant and adopts the R&R in part, modifying only the restriction upon his future ability to file complaints.

## IV.  CONCLUSION

It is therefore ordered that Judge Baldwin's R&R (ECF No. 39) is accepted and adopted in full as to Defendants' motion for summary judgment.

It is further ordered that Defendant's motion for summary judgment (ECF No. 32) is granted.

The Court declares that Jasmine Paul Sanchez is a vexatious litigant. The Court invokes its inherent authority under 28 U.S.C. § 1651(a) to enjoin and prohibit Sanchez from filing any complaint, petition, or other document in this Court against Ely State Prison; involving events, or arising out of Sanchez's detention, at Ely State Prison; or against any of the individuals employed at Ely State Prison without first obtaining leave of this Court. In order to file any papers in this Court, Sanchez must first file an application for leave. The application must be supported by a declaration of Sanchez

---

³Thirty-three of the thirty-five cases Judge Baldwin listed in the R&R were against ESP or its employees. (ECF No. 39 at 15-18.) The other two cases involved claims against magistrate judges in the District of Nevada and stemmed from interactions with the judges due to Sanchez's litigation regarding his treatment at ESP. (*Id.*) *See also Sanchez v. Denney*, Case No. 3:23-cv-0052-MMD-CLB, ECF No. 1-1 (D. Nev. 2023); *Sanchez v. Baldwin et al.*, Case No. 3:23-cv-00126-MMD-EJY, ECF No. 1-1 (D. Nev. 2023).

stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that Sanchez has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of this order declaring that Sanchez is a vexatious litigant must be attached to any application submitted to this Court. Failure to comply with these instructions will be sufficient grounds for denial of an application.

The Clerk of Court is directed to close the case and enter judgment accordingly.

DATED THIS 25th Day of October 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE